## Daniel Conlon, Appellee, v. Chicago Great Western Railway Company, Appellant.

### Gen. No. 4,945.

1. INSTRUCTIONS—*when error to refuse, upon credibility of witnesses.* Where some of the witnesses testifying in a cause have made conflicting statements, it is error to refuse an instruction telling the jury in substance that if they believe that any witnesses wilfully and knowingly swore falsely to any fact material to the issues in the cause, then they are at liberty to disregard the entire testimony of such witnesses except insofar as it might have been corroborated by other credible evidence or by facts or circumstances proven on the trial.

2. INSTRUCTIONS—*when upon measure of damages erroneous.* An instruction as to the measure of damages is erroneous where it does not confine the compensation to be awarded to such injuries as were the proximate result of the accident.

3. INSTRUCTIONS—*should not refer to amount of ad damnum.* It is improper in an instruction to call the attention of the jury to the amount claimed in the declaration; but such impropriety is not in itself ground for reversal.

4. APPEALS AND ERRORS—*what question will not be raised by the court of its own motion.* A serious defect in the bill of exceptions, consisting in the lack of an exception to the overruling of a motion for a new trial, will not be raised by the court *sua sponta.*

WILLIS, P. J., dissenting.

Action in case for personal injuries. Appeal from the Circuit Court of Kane County; the Hon. LINUS C. RUTH, Judge, presiding. Heard in this court at the October term, 1907. Reversed and remanded. Opinion filed March 11, 1908.

J. B. STEPHENS, for appellant; A. G. BRIGGS, of counsel.

RUSSELL & EAGAN, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

On January 21, 1903, the Chicago Great Western Railway Company, appellant, operated a railroad running almost due east and west that crossed a public highway known as the "county line road" running north and south about four miles east of the city of Sycamore, Illinois. On the night of that day, or early morning of the next, Daniel Conlon, appellee, while driving a one-horse buggy over this crossing was struck by a freight train of appellant and suffered serious injury. This suit was brought against the railway company to recover damages resulting from that injury. He recovered a verdict for $12,000, a *remittitur* was entered for $8,000 and judgment rendered in his favor for $4,000. The Chicago Great Western Railway Company prosecutes this appeal from that judgment.

The declaration contains four counts alleging severally, general negligence, failure to ring a bell or sound a whistle,

excessive speed of the train and a failure to provide a suitable headlight for the locomotive.

The evidence shows that at the place where the appellee was injured the country is level prairie and the railroad is graded up from six to eight feet above the level of the prairie; that the appellee and a companion, Edward O'Malley, had been drinking during the preceding evening and night, and that while driving south in a covered buggy with the side curtains down on the "county line road" shortly after midnight, when the thermometer registered ten degrees below zero and the ground was covered with snow, the rig was struck on this crossing by a freight train going east; that the train was running down grade and going slow preparatory to going upon a siding at Richardson, near this crossing. The right leg of appellee was broken about the middle third of the femur. The appellee was taken to a hospital at Sycamore, where his leg was set by Dr. Brown, who attended him there about ninety days. He then went home. The evidence is conflicting as to whether the appellee did not, against the instructions of his attending surgeon, after going home, remove the splints and bandages from the broken limb and use it before bony union had taken place. The leg became bent, and appellee went to a hospital at Aurora, where the leg was opened by a surgeon, rebroken and reset. From the Aurora hospital he went to a hospital in Chicago, where the leg was amputated because of its condition. The appellant did not claim that the bell was rung or the whistle blown. The defense was that the appellee was so intoxicated that he was incapable of and did not exercise ordinary care for his own safety. The appellee claims that there were obstructions on the west side of the highway that interfered with his seeing the train, while the appellant claims there were no obstructions except some scattering willow bushes that at that season of the year did not interfere with travelers, in the exercise of ordinary care, seeing trains. It was also a disputed question of fact whether the serious results that followed after the appellee left the first hospital were not due to his own

negligence and to his disobedience of the orders of his surgeon. The evidence was in very sharp conflict on these questions.

With the evidence in such conflict, and some of the statements of some of the witnesses on the direct and cross-examinations not being consistent and harmonious with each other, the appellant requested the court to give a stock instruction, that if any witness had wilfully and knowingly sworn falsely to any fact material to the issues in the case, then the jury were at liberty to disregard the entire testimony of such witness, except in so far as it may have been corroborated by other credible evidence or by facts and circumstances proven on the trial. This instruction was refused. No instruction was given on that subject. Appellant had the right to have the jury instructed to that effect and if such an instruction had been given, the jury might have arrived at a different verdict. The judge who tried this case died before the bill of exceptions was signed. Had the bill of exceptions been settled before him there might have been something appearing in the record concerning the refusal of this instruction, but we must assume that the record is complete.

The instruction on the measure of damages in case the jury found for plaintiff should have confined the compensation to damages for such injuries as were the proximate result of the accident. If the appellant was liable for damages resulting from the accident, yet if appellee by his own negligence or want of ordinary care thereafter increased the injury, the appellant would not be liable for the damages caused by such subsequent negligence, if any, of appellee. The instruction also concludes with the phrase, "not exceeding the amount claimed in the declaration"; this is an unnecessary statement, and subjects it to criticism, although not reversible error. The motion by appellant for a new trial included as a ground therefor the refusal of the instruction above discussed, and the point was thus presented to the trial court. There is a serious defect in the bill of exceptions as to an exception to the overruling of the

motion for a new trial.  But the point is not raised in appellee's brief and argument, and it may well be it could have been cured by amendment if it had been so raised. The majority of the court conclude the court should not raise the point of its own motion.  As the case must be remanded for a new trial we express no opinion concerning the merits of the case.

For the error in refusing the instruction asked by appellant, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

WILLIS, P. J., dissenting.

The bill of exceptions does not show an exception by appellant to the action of the trial court in overruling its motion for a new trial.  For that reason I am of opinion that the questions discussed in the opinion of the majority of the court are not presented for our determination.  I am therefore of opinion that the judgment should be affirmed.